UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

RASAQ OPEYEMI SANUSI,

       Plaintiff,

   - against -

UNITED STATES OF AMERICA

      Defendant.

- - - - - - - - - - - - - - - - X

No. 10-CV-4783

(Johnson, J.)
(Azrack, M.J.)


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**


LORETTA E. LYNCH
United States Attorney
Eastern District of New York

SCOTT DUNN
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*Attorneys for Defendant*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................ 1

STATEMENT OF FACTS .............................................. 2

    A.   Immigration Status ................................... 2

    B.   Sanusi's Detention .................................. 4

    C.   Sanusi I ............................................ 7

    D.   Sanusi II ........................................... 9

ARGUMENT ...................................................... 10

    I.   THE MOTION TO DISMISS SHOULD BE GRANTED ............ 10

        A.   Standard of Review ............................ 10

        B.   THE COMPLAINT SHOULD BE DISMISSED ON STATUTE OF
            LIMITATIONS GROUNDS ........................... 11

        C.   THE COMPLAINT MUST BE DISMISSED AS PLAINTIFF'S
            DETENTION HAS BEEN FOUND TO BE LAWFUL ......... 15

CONCLUSION .................................................... 17

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Bivens v. Six Unknown Named Agents of Federal   Bureau of Narcotics*, 403 U.S. 388 (1971)("Bivens")..................................................................................................................1

*Cargill International S.A. v. M/T Pavel Dyenko*, 991 F.2d 1012 (2d Cir. 1993)...........................10

*Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994)......................................................................13

*Easton v. Sundram*, 947 F.2d 1011 (2d Cir. 1991, <u>cert. denied</u> 504 U.S. 911 (1992) ..................11

*Kronisch v. U.S.*, 150 F.3d 112 (2d Cir. 1998) .........................................................................12

*Liranzo v. United States*, 690 F.3d 78 (2d Cir. 2012)................................................................15

*Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ..........................10

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000)...........................................................10

*Newsom-Lang v. Warren International*, 129 F. Supp. 2d 662 (S.D.N.Y. 2001) ............................10

*Samuels v. Air Transport Local 504*, 992 F.2d 12 (2d Cir. 1993) ...............................................11

*Sanusi v. Chertoff*, Civ. No. 07-16, 2008 WL 1995141 (D.N.J. May 6, 2008) ..........................3, 7

*Sanusi v. Chertoff*, Docket No. 06-4986 (2d Cir.) .......................................................................3

*Sanusi v. Department of Homeland Security et al.,* 06 CV 2929....................................................1

*Sanusi v. Gonzales*, 445 F.3d 193 (2d Cir.   2006) ......................................................................3

*Sanusi v. ICE*, Docket No. 05-5240 (2d Cir.) .............................................................................3

*Sanusi v. INS*, No. 03-CV-0193, 2003 WL 21696945 (E.D.N.Y. July 15, 2003) .......................3, 6

*Sanusi v. INS*, 99 CV 1843 (E.D. Pa.)......................................................................................3, 6

*Sanusi v. I.N.S.*, 100 Fed. Approx 49, 51 (2d Cir. 2004) .......................................................3, 6, 16

*Sanusi v. Mukasey*, Docket No. 08-5784 (2d Cir.) .....................................................................3

*Sanusi v. Napolitano*, Docket No. 09-3476 (2d Cir.)...................................................................3

*Tourchin v. United States*, 2009 WL 39007 (2d Cir. 2009)........................................................13

*Tourchin v. United States*, 06-CV-0355 9 (June 7, 2007) .............................................13

*United States v. Kubrick*, 444 U.S. 111 (1979).............................................................12

*Zappia Middle East Contr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247 (2d Cir. 2000)...............10

## FEDERAL STATUTES

8 U.S.C. § 1225(b).........................................................................................................2, 4

28 U.S.C. § 2401(b).........................................................................................................11

## FEDERAL RULES

Fed. R. Civ. P. 12(b)(1)...................................................................................................10

Fed. R. Civ. P. 12(b)(6)...................................................................................................11

Fed. R. Civ. P. 12 (h)......................................................................................................10

## PRELIMINARY STATEMENT

In Sanusi v. Department of Homeland Security et al., 06 CV 2929, Order Adopting Report And Recommendation (Mar. 31, 2014)(Johnson, J.)(hereinafter "Sanusi I Order"), this Court dismissed plaintiff's claims of unlawful detention and conditions of confinement. Those claims were brought against certain federal agents, sued in their personal capacity, under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"). In dismissing Sanusi I, this Court concluded that plaintiff's claims were time barred under the governing three year statute of limitations time period. This Court also concluded that plaintiff's detention was lawful.

In this action, on identical facts, plaintiff again challenges the lawfulness of his detention, this time under the Federal Tort Claims Act("FTCA"). Unlike Bivens, however, the FTCA has a two year statute of limitations time period.

Given that this Court has found in Sanusi I that plaintiff's claim relating to the lawfulness of his detention is time barred, as it was not filed within three years of accrual, it follows that his FTCA claim, which relates exclusively to the lawfulness of his detention but requires filing within two years of accrual, is time barred as well.

Further, given that this Court has concluded that plaintiff's detention was lawful, as has the Court of Appeals for the Second Circuit, it follows that plaintiff's FTCA claim, which relates exclusively to the lawfulness of his detention, must be dismissed as well.

Indeed, at bottom, in this action, plaintiff requests(and to prevail requires) that <u>Sanusi I</u> be reversed. However, that decision, which also fully incorporates the Report and Recommendation of Magistrate Judge Azrack, is well grounded in the law of this Circuit and District, and therefore should not be overturned.

## STATEMENT OF FACTS

### A.   <u>Immigration Status</u>

Sanusi is a native and citizen of Nigeria who, on October 16, 1997, sought to enter the United States using a fraudulent British passport. Declaration of Scott Dunn (May 6, 2010)(Dunn Dec.), ¶ 3[1]. He was not permitted to enter (or be paroled into) the United States, but was instead detained as required by 8 U.S.C. § 1225(b), and he remains to this day an

---

[1] In the exhibits annexed to Plaintiff's Opposition To Defendant's Motion To Dismiss("Pl. Memo"), plaintiff has attached certain documents from <u>Sanusi I</u>. Annexed hereto, please find documents which supplement plaintiff's filing. One of those documents is the Declaration of Scott Dunn (May 6, 2010), annexed hereto as Exhibit D. As with plaintiff, <u>see</u> Pl. Memo at 10, defendant incorporates all of its previous arguments by reference to the previous briefing.

unadmitted alien unlawfully present in the United States. Id. His frivolous asylum claims were rejected, and he was issued a final order of removal.  He has consistently been denied relief from deportation. Dunn Dec. ¶¶ 5-13.

The government has long been ready to remove Sanusi from this country, but it has been unable to do so because the Nigerian consulate has been unwilling to issue the requisite travel document on his behalf so long as Sanusi has any judicial challenge to his removal pending.  Dunn Dec. ¶ 21.  Aware of this circumstance, Sanusi has manipulated it to his advantage by filing numerous federal court actions, some represented by attorneys and some pro se, in which he has challenged his removal order, sought to preclude his removal, and challenged his detention.  See Sanusi v. Napolitano, Docket No. 09-3476 (2d Cir.); Sanusi v. Mukasey, Docket No. 08-5784(2d Cir.); Sanusi v. Chertoff, Docket No. 06-4986(2d Cir.); Sanusi v. ICE, Docket No. 05-5240 (2d Cir.); Sanusi v. Gonzales, 445 F.3d 193 (2d Cir. 2006); Sanusi v. I.N.S., 100 Fed. Appx. 49 (2d Cir. 2004); Sanusi v. Chertoff, Civ. No. 07-16, 2008 WL 1995141 (D.N.J. May 6, 2008); Sanusi v. INS, No. 03-CV-0193, 2003 WL 21696945 (E.D.N.Y. July 15, 2003); Sanusi v. INS, 99 CV 1843 (E.D. Pa.).

3

Sanusi's legal challenges to his removal have been uniformly without merit. A decision finding him not to be credible has been upheld by the Second Circuit. 445 F.3d at 200. In a subsequent decision, the Court of Appeals denied Sanusi's challenge to a denial of his motion to reopen his removal proceedings, concluding that Sanusi's case was lacking "an arguable basis in law or fact." Docket No. 08-5784 (2d Cir.); Dunn Dec. ¶ 11. Sanusi responded to this decision by filing with the Board of Immigration Appeals a motion to reconsider the denial of the motion to reopen and thereafter a petition for review challenging the BIA's denial of his motion. Docket No. 09-3674 (2d Cir.). That petition was also denied by the Court of Appeals. By pressing these endless and meritless challenges to his removal, Sanusi has extended his stay in this country to almost seventeen years since attempting to enter by fraud. Dunn Dec. ¶ 21[2].

B.   **Sanusi's Detention**

        Following his effort to enter the United States by fraud, Sanusi was detained, as required by 8 U.S.C. § 1225(b). He was initially detained at the Queens Detention Facility ("QDF"). This facility was at that time run by the Wackenhut Corporation,

---

[2] At present, because of the passage of time in his case, an immigration judge is currently reviewing plaintiff's asylum claim based on a subsequently filed motion to reopen and current country conditions in Nigeria. Sanusi, although required to by an order of supervision, has failed to report to the Immigration authorities.

with whom ICE had contracted for the detention of certain aliens. Dunn Dec. ¶ 14. In December 1998, Sanusi was transferred to another contract facility, the Berks County Prison ("Berks") in Leesport, Pennsylvania. Thereafter, on December 28, 1999, Sanusi was transferred to the York County Jail ("York"), in York, Pennsylvania, another contract facility, and he remained there until July 2002. At that time, he was returned to the QDF, the operation of which passed in 2003 from Wackenhut to the GEO Group. In July 2005, Sanusi was transferred to the Elizabeth Detention Facility ("EDF"), another contract facility, in Elizabeth, New Jersey, and he was ultimately released in November 2007. Dunn Dec. ¶¶ 15-19.

During the course of his detention, Sanusi received a number of administrative reviews of his detention status. In August 1999, his request for parole as an unadmitted alien was denied. Dunn Dec., ¶ 20. Following the issuance of a final order of removal and up until his eventual release from custody in November 2007, Sanusi received at least five complete administrative reviews of his custody status. Two additional reviews appear to have been also conducted, but the file is incomplete as to whether there was a final adjudication of those reviews. Dunn Dec. ¶ 20.

In April 1999, while at Berks, Sanusi filed a habeas corpus action seeking his release. See Sanusi v. INS, 99 CV 1843 (E.D. Pa.).  On April 10, 2000, that action was dismissed. In denying the habeas petition, the district court concluded that a certificate of appealability would not be issued, as Sanusi had failed to make a plausible showing of a violation of any constitutional right. Dunn Dec. ¶ 15. A subsequent motion to reconsider was denied on December 21, 2001. Id.

Thereafter, while at the QDF, Sanusi commenced an action in this Court seeking his release and challenging the conditions of his confinement.  In a decision dated July 15, 2003, this Court concluded that Sanusi's confinement was appropriate due to the fact that his removal was delayed through his own actions. Sanusi v. INS, No. 03-CV-0193, 2003 WL 21696945, at *3 (E.D.N.Y. July 15, 2003)(Johnson, J.). This Court also dismissed his conditions of confinement claim. Id.

Thereafter, the Second Circuit affirmed the dismissal of the detention claim, agreeing that Sanusi's detention had been caused by his pursuit of judicial review of his claims. Sanusi v. I.N.S., 100 Fed. Appx. 49, 51 (2d Cir. 2004). However, the Court of Appeals remanded the case to this Court for further consideration of Sanusi's conditions of confinement claim. Id.

6

Thereafter, following the January 2007 filing of a habeas action in the District Court for the District of New Jersey, Sanusi was released on an order of supervision. See Sanusi v. Chertoff, No. 07-16, 2008 WL 1995141, at *1 (D.N.J. May 6, 2008).

C.   **Sanusi I**

On June 12, 2006, Sanusi filed the initial complaint in Sanusi I. He filed an amended complaint on September 26, 2006. See Sanusi I Docket Entry Nos. 1 and 6. These pleadings, which sought both damages and injunctive relief, named as defendants two federal agencies (the Department of Homeland Security and U.S. Immigration and Customs Enforcement) and two ICE deportation officers, Officers Regis and Torres.   Also named as defendants were the Wackenhut Corporation, the GEO Corp., Inc., and Corrections Corporation of America.   Six named and seven unnamed individuals were also listed as defendants in the caption of the original and amended complaints.   See id.

Sanusi dismissed the federal agencies from the complaint, but then sought to file another amended complaint, which included an additional federal employee (Officer Cozine). Consistent with the remand, plaintiff sought to challenge the conditions of his confinement. But inconsistent with it,

7

plaintiff also sought to challenge the lawfulness of his detention. See Sanusi I Order, at 4-9.

Thereafter, in a Report and Recommendation dated December 1, 2010(Report and Recommendation), annexed hereto as Exhibit F, Magistrate Judge Azrack recommended that Sanusi I be dismissed against the federal defendants in its entirety. In so ruling, Judge Azrack, after a thorough analysis, concluded that plaintiff's claim relating to unlawful detention was time barred. See Report and Recommendation, at 15-19. Likewise, Judge Azrack also concluded that plaintiff's detention was lawful. Report and Recommendation, at 19-23.

Thereafter, on March 31, 2014, this Court adopted the Report and Recommendation in its entirety with certain specified modifications. See Sanusi I Order, annexed hereto as exhibit G. In so doing, this Court concluded that plaintiff's detention claim was time barred under the governing three year statute of limitations. Order at 10-14. In so holding, this Court specifically rejected plaintiff's assertion that his detention constituted a continuous violation of law and that therefore the statute of limitations should be tolled. Id.

In addition, this Court concluded, as had the Court of Appeals for the Second Circuit, that plaintiff's detention was

8

lawful. Order at 14-20. In so ruling, this Court noted that plaintiff's continued detention was expressly authorized by federal law. Order at 17. This Court further noted that the weight of authority in this circuit holds that an immigration detention is not unlawful when the detainee's conduct in seeking judicial review of a deportation order continues the length of time he spends in immigration custody. Order at 18 n.3. Finally, this Court concluded that plaintiff had received at least five complete custody reviews and that therefore, plaintiff could not assert that under the law he had failed to receive meaningful custody review. Order at 19.

D.   **Sanusi II**

        On October 19, 2010, on facts identical to those in Sanusi I, plaintiff filed a claim under the FTCA against the United States. See Complaint. The Complaint alleged a single claim of false imprisonment. Complaint, ¶¶ 104-105[3].

---

[3] Plaintiff asserts that defendant indicated that it did not plan to respond to this complaint until the motions pending in Sanusi I were resolved. But as plaintiff concedes, he never objected to this proposal. Pl. Memo at 4. And of course, this proposal made sense, given, as is plainly evident, that the decision in Sanusi II wholly turns on the decision in Sanusi I.

9

## ARGUMENT

I.   **THE MOTION TO DISMISS SHOULD BE GRANTED**

   A.   **Standard of Review**

   As federal courts are of limited jurisdiction, courts must police subject matter delineations on their own initiative. See Fed. R. Civ. P. 12 (h). Lyndonville Savings Bank & Trust Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000)("failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or the court *sua sponte*"). When a motion to dismiss pursuant to Rule 12(b)(1) is brought, it is the Court's duty to resolve disputed jurisdictional facts. See Cargill International S.A. v. M/T Pavel Dyenko, 991 F. 2d 1012, 1019 (2d Cir. 1993). The Court may fulfill its duty by reference to evidence outside the pleadings. See Zappia Middle East Contr. Co. v. Emirate of Abu Dhabi, 215 F. 3d 247, 253 (2d Cir. 2000). Furthermore, in resolving a challenge to subject matter jurisdiction, the Court does not draw inferences in favor of the plaintiff. See Newsom-Lang v. Warren Int'l, 129 F. Supp. 2d 662, 664 (S.D.N.Y. 2001). A district court may also refer to evidence outside the pleadings, such as affidavits or documents. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In deciding a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993). A court should dismiss a claim when it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991, cert. denied 504 U.S. 911 (1992).[4]

## B.  THE COMPLAINT SHOULD BE DISMISSED ON STATUTE OF LIMITATIONS GROUNDS

The FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A tort claim accrues

---

[4]  Plaintiff claims that defendant's initial letter of April 28, 2014 to the Court, seeking application of Sanusi I to this case, does not comply with applicable rules and restricts plaintiff from being able to articulate his objections. Pl. Memo at 5. However, as a threshold matter, defendant has complied with the applicable local rules. Indeed, both by the April 28, 2014 letter and then on the record at the April 30, 2014 hearing in this matter, plaintiff was fully provided with notice, consistent with Local Rule 7.1, of the grounds for dismissal of this action. And, also consistent with that Rule, defendant was permitted by this Court to bring this motion by letter. In this regard, plaintiff's procedural claims were heard and rejected by the Court, and are therefore now moot. Finally, plaintiff can hardly argue that he was restricted in any way from responding to defendant's motion. Indeed, the basis for that motion was set forth in the April 28, 2014 letter, was again set forth at the April 30, 2014 hearing and was fully set forth and addressed in Sanusi I. Indeed, having litigated the issues here for almost a decade, plaintiff knows full well what they are. However, for the purpose of completeness, annexed hereto please find a notice of motion.

11

when a plaintiff becomes aware of the injury, not when the
plaintiff becomes aware that the injury resulted from unlawful
conduct. See <u>United States v. Kubrick</u>, 444 U.S. 111, 123 (1979).

Consistent with the Complaint, and as conceded by
plaintiff, activities giving rise to Sanusi's claim that he was
being unlawfully detained, occurred on October 22, 1997. See Comp
at ¶ 1; Pl. Memo at 6. Accordingly, Sanusi was on notice of an
"injury" on that date, as he was detained at that time and had
already been detained for six days.  See <u>Kronisch v. U.S.</u> 150
F.3d 112, 121(2d Cir. 1998)(tort claim accrues when plaintiff
aware of injury).  Therefore, consistent with the Complaint, the
statute of limitations governing Sanusi's claims for relief began
to run as early as October 22, 1997.

Accordingly, given the above, this Court, as well as
Magistrate Judge Azrack,  concluded in <u>Sanusi I,</u> in analyzing the
identical facts presented here, that plaintiff's unlawful
detention claim was barred under the three year statute of
limitations governing that claim. Order at 10-14. It follows,
that the claim here of unlawful detention, based on the identical
facts, but dealing with an even more restrictive time frame of
two years, must be dismissed as well.

12

And indeed, in a case directly on point, and litigated in this District as well, Valery Tourchin sought damages for his detention by ICE for the period from October 2001 through August 2003, at which time he was, as here, ordered released by a district judge in New Jersey. Tourchin argued that his claim did not accrue until his 2003 release from custody. This argument, however, was rejected by Judge Gershon and then by the Second Circuit, both concluding that such a claim accrues on the date the alien is first detained. See Tourchin v. United States, 2009 WL 39007, at *1 (2d Cir. 2009), annexed hereto as exhibit I.; Tourchin v. United States, 06-CV-0355 (June 7, 2007)(Gershon, J.), annexed hereto as exhibit H.

Further, as in Tourchin, plaintiff argues that the statute should be equitably tolled. Plaintiff bases his argument on his claim that he did not have the proper opportunity to discover that his injuries violated the law. In so arguing, plaintiff asserts that he did not have adequate access to counsel and that various documents were thrown out when he was transferred to the Elizabeth Detention Center. Pl. Memo. at 10.

However, Courts do not have authority to extend the limitations period for even one day, absent a basis for tolling. Eagleston v. Guido, 41 F. 3d 865, 871 (2d Cir. 1994). And tolling

13

is used only in extraordinary circumstances. <u>Tourchin</u>, 2009 WL 39007 at *1.

Here plaintiff has failed to set forth an "extraordinary" basis for tolling, or any basis whatsoever, for that matter. First, his statements aside, as shown, the law requires only that a plaintiff is aware of the injury(his detention), not the lawfulness of that detention, for the statute to start running. Further, while certainly aware of his injury in 1997 when he was initially detained, plaintiff demonstrated that awareness in 1999, by filing a habeas action challenging his detention. <u>See</u> 99 CV 1843(E.D. Pa.). In addition, plaintiff always has had access to the courts and a familiarity with the courts. Indeed, he has filed numerous lawsuits with the courts. <u>See</u> <u>infra</u> p. 3.; Order at 6 n.1.

Moreover, the loss of property that he speaks of, Pl. Memo at 10, occurred, if it occurred at all, in 2005, eight years after he was originally taken into custody, when he was transferred to the Elizabeth Detention facility. And in any event, plaintiff was still able to file a lawsuit in 2006 after that transfer.

Finally, plaintiff references various health-related injuries. Pl. Memo at 11. However, plaintiff's conditions of

14

confinement claims have also been found to be barred by the statute of limitations. Sanusi I Order. And in any event, such claims are not relevant to this action, as the only claim asserted here relates to his detention. Complaint, ¶¶ 104-105.

**C.    THE COMPLAINT MUST BE DISMISSED AS PLAINTIFF'S DETENTION HAS BEEN FOUND TO BE LAWFUL**

In Pl. Memo, plaintiff argues that his detention was unlawful as it violated due process. Pl. Memo at 7. And plaintiff recognizes, as he must, that this Court concluded in Sanusi I, that his detention was not unlawful and did not violate due process. Plaintiff asserts, however, that he "disagrees" with this Court's findings in Sanusi I, thus also recognizing that to prevail in this action, this Court must overrule itself.

Indeed, in this Circuit, to establish a claim of false imprisonment, a plaintiff must prove that his confinement was not otherwise privileged. Liranzo v. United States, 690 F.3d 78, 95 (2d Cir. 2012). Concerning an immigration detention such as here, the question of whether an alien's detention was "otherwise privileged", is to be answered by "consulting federal privileges applicable to federal immigration officers." Id.

In Sanusi I, this Court, in upholding the Report and Recommendation of Judge Azrack, specifically analyzed the legality of plaintiff's detention in terms of the "scheme of

15

federal immigration statutes and regulations, as well as the case law..." Order at 17. Based on that analysis, this Court concluded that the continued detention of an alien such as plaintiff, was expressly authorized by federal law and was within the discretion of the Immigration authorities. Id.; Order at 14-19. This Court further noted that plaintiff had failed to establish any violation of law relating to custody review, and that in any event, plaintiff's detention was lawful because his conduct in seeking judicial eview of his deportation order had contributed to his detention. Order at 14-19; 18 n.3.

Moreover, this Court's decision is wholly reinforced by the decision of the Court of Appeals for the Second Circuit relating to Sanusi. In that decision, the Court of Appeals determined that Sanusi's detention was lawful. Sanusi v. INS, 100 Fed. Appx. 49, 51 (2d Cir. 2004). This, without more, serves as a basis for dismissing plaintiff's claim.

16

<u>CONCLUSION</u>

For the foregoing reasons, defendant respectfully requests that the Court dismiss this action with prejudice.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

BY:

SCOTT DUNN
Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

*Attorneys for Defendant*

Dated:     Brooklyn, New York
           August 14, 2014

17