UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RASAQ OPEYEMI SANUSI,

                                                        10 CV 4783(SJ)(MDG)

                Plaintiff,       **MEMORANDUM**
                                                        **AND ORDER**
      -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------------------------------X
A P P E A R A N C E S:

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
By:   Gregory Charles Farrell, Esq.
      Theodore V.H. Mayer, Esq.
      William Joseph Beausoleil, Esq.
Attorneys for Plaintiff

UNITED STATES ATTORNEY FOR THE
EASTERN DISTRICT OF NEW YORK
271 Cadman Plaza East
Brooklyn, New York 11201
By:   Scott Dunn, Esq., Assistant United
      States Attorney
Attorney for Defendant

JOHNSON, Senior District Judge:

       Plaintiff Rasaq Opeyemi Sanusi ("Plaintiff" or "Sanusi") brings the instant action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, alleging that the United States of America falsely imprisoned him from October 22,

1

1997 to November 7, 2007, during which he was confined under "deplorable" conditions. Currently pending before the Court is Defendant's motion to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion is GRANTED.

**I.     Background**

The facts and circumstances surrounding this action have been set forth at length in prior orders. (See, e.g., Sanusi v. Dep't of Homeland Security, et al., 06-cv-2929 (SJ) (JMA) (Dkt. No. 96)). Familiarity with the facts is assumed. Briefly, Plaintiff is a Nigerian citizen, who traveled to the United States on October 16, 1997. He was apprehended upon entry for using a fraudulent British passport, was immediately detained, and was processed for expedited removal.[1] However, he was permitted to pursue an asylum claim, after alleging a credible fear that he would be harmed in Nigeria. A year later, his asylum claim was denied and he was issued an order of removal. What followed were separate immigration proceedings involving a long and complex series of administrative decisions, appeals, stays, and reopened proceedings, which have continued to this day, and many of which have been unsuccessful. As a result, the Government has been unable to remove Sanusi from this country because the Nigerian consulate has been unwilling to issue the

---

[1] Upon entry, Sanusi was detained at Queens Detention Facility, a detention facility designated for certain aliens, which was at the time operated by Wackenhut Corporation.

requisite travel documents as long as Sanusi has any pending judicial challenges to his removal. It appears that the existence of the legal proceedings themselves have facilitated Sanusi's nearly 18-year stay in the United States, notwithstanding his removability.

During the pendency of his appeals and legal actions, Plaintiff was detained for approximately 10 years, from October 22, 1997 until November 7, 2007. He was transferred to various detention facilities in New York, Pennsylvania and New York. He challenged his detention under 28 U.S.C. § 2241 in New York and New Jersey, and was ultimately successful in the District of New Jersey, where the Court released him "subject to the parties finalizing where [he] would go and what the terms and conditions would be." Sanusi v. Chertoff, 2008 WL 1995141, at *2 (D.N.J. May 6, 2008). Plaintiff currently resides in New York under agreed upon conditions of supervision.

A number of Plaintiff's prior unsuccessful actions were filed in this Court. In 2003, Plaintiff, proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the legality of his detention by the United States Immigration and Customs Enforcement ("ICE") and the conditions of his confinement. In an order dated July 15, 2003, this Court denied Plaintiff's petition. See Sanusi v. Immigration and Naturalization Serv., No. 03-cv-193, 2003 WL 2169645 (E.D.N.Y. July 15, 2003). The Circuit Court affirmed in part and remanded in part. See Sanusi v. Immigration and Naturalization Serv, 100 Fed.

Appx. 49 (2d Cir. 2004). The Circuit Court agreed that Plaintiff's prolonged detention did not violate Plaintiff's due process, because the prolongation was a result of Plaintiff's pursuit of judicial reviews of his claims. See Sanusi, 100 Fed. Appx. at 51. The Circuit Court remanded the matter, however, to permit Plaintiff to re-plead those portions of his action contesting the conditions of his confinement, on the account that Plaintiff was a pro se litigant. See id. at 52 (noting that Sanusi's claim raised the issue of "whether a Bivens action is available, in view of his jailer's 'private' status and in light of Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001)," and recommending that counsel be appointed to assist Sanusi with this difficult legal issue). Following the remand, this Court appointed pro bono counsel to assist Sanusi with re-pleading his conditions of confinement claim.

The matter was adjourned numerous times, and eventually in 2006, Plaintiff, with the assistance of counsel, commenced a separate matter grieving the conditions of his "deplorable" confinement, under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)[2]. See Sanusi v. Dep't of Homeland Sec., et al., 06-cv-2929 (SJ) (JMA). Plaintiff, however, also disputed

---

[2] Plaintiff's 2003 action was only brought against the Immigration and Naturalization Services, while the 2006 matter was brought against the Department of Homeland Security, Immigration and Customs Enforcement, GEO Corp., Inc., Corrections Corporations of America, Inc., and numerous individual officers and employees of the detention centers.

4

the legality of his detention, although the matter was already decided by this Court and affirmed by the Circuit Court. By order dated March 31, 2014, this Court concluded that Plaintiff's detention claim under <u>Bivens</u> was time-barred by the three-year statute of limitations, and rejected Plaintiff's argument that his claims constituted a continuous violation of law warranting the tolling of the statute of limitations. <u>See</u> <u>Sanusi v. Dep't of Homeland Sec.</u>, 06-cv-2929 (SJ) (JMA) (Dkt. No. 96). The Court again determined that Plaintiff's detention was lawful.

On October 9, 2009, Plaintiff submitted an administrative claim with ICE, alleging false imprisonment, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. After Plaintiff received no decision from ICE, he filed this instant FTCA matter on October 19, 2010, predicated on false imprisonment. Defendant now seeks to dismiss the matter, asserting that the FTCA claim is untimely and that, nonetheless, Plaintiff's detention has been deemed lawful in prior decisions by this Court. Plaintiff opposes the motion.

## II. Legal Standard

### A. Motion to Dismiss

Federal courts have limited jurisdiction and must police subject matter delineations on their own initiative. <u>See</u> Fed. R. Civ. P. 12(h)(3); <u>see also</u> <u>Lyndonville Savings Bank & Trust Co. v. Lussier</u>, 211 F.3d 697, 700 (2d Cir. 2000) ("failure of subject matter jurisdiction is not waivable and may be raised at

any time by a party or the court sua sponte"). When a motion to dismiss pursuant to Rule 12(b)(1) is brought, the Court must evaluate whether it "lacks the statutory or constitutional power to adjudicate" the matter. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The Court may fulfill its duty by reference to evidence outside the pleadings. Id. Plaintiff bears the burden of proving subject matter jurisdiction, and all inferences are construed in the Plaintiff's favor. Id.

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim, the Court accepts the factual allegation asserted in the complaint as true and draws reasonable inference in favor of the Plaintiff. See Perez v. Hawk, 302 F. Supp. 2d 9, 16 (E.D.N.Y. 2004). "'[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

### B. Federal Tort Claims Act

The Federal Tort Claims Act establishes a district court's jurisdiction over, and waives federal sovereign immunity in, suits against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency "within two years after such claim accrues[.]" 28 U.S.C. § 2401(b). The claimant may only pursue a civil suit against the United States under the FTCA within 6 months after their administrative claim is denied. Id. An administrative claim may be deemed denied by operation of law if the federal agency does not make a determination of the claim within 6 months of its filing. 28 U.S.C. § 2675(a). Failure to establish both timeliness and proper presentment to the relevant agency constitutes a jurisdictional defect. See Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir.1999); see also Solomon v. United States, 566 F. Supp. 1033, 1035 (E.D.N.Y. 1982) ("compliance with the statute of limitations under the FTCA is a jurisdictional prerequisite and noncompliance results in the claims being forever barred"). The burden is on the Plaintiff to both plead and prove compliance with the statutory requirements. See Johnson, 189 F.3d at 189. Furthermore, the statute of limitations is strictly construed in favor of the federal government. See United States v. Kubrick, 444 U.S. 111, 117–18 (1979) ("[I]n construing the statute of limitations . . . . we should not take it upon ourselves to extend the waiver beyond that which Congress intended").

### III.     Discussion

Plaintiff fails to prove the timeliness required to establish jurisdiction. An FTCA claim accrues when the Plaintiff becomes aware of the injury, or with reasonable diligence, should have discovered the facts critical to his claim. Kubrick, 444 U.S. at 118–23. Plaintiff alleges that he was unjustifiably detained from October 22, 1997 until November 7, 2007. Plaintiff was undoubtedly aware of the injurious conduct on October 22, 1997. He, however, did not file his requisite administrative claim with ICE until October 9, 2009, which is more than two years after his claim accrued. Sanusi nonetheless argues that his false imprisonment claim should be equitably tolled and that accrual commenced after he was released on November 7, 2009, relying on Hyatt v. United States, 968 F. Supp. 96 (E.D.N.Y. 1997), and Frontera v. United States, No. 05-cv-0423S, 2009 WL 909700 (W.D.N.Y. Mar. 31, 2009). Plaintiff argues that this matter warrants equitable tolling, "because he did not have the proper opportunity to discover that his injuries violated United States law."

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Mayo v. Fed. Gov't, 558 Fed. Appx. 55, 57 (2d Cir. 2014) (quoting A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 144 (2d Cir. 2011)). Plaintiff's arguments that he lacked the opportunity to discover that his injuries violated the law and that he lacked

adequate access to counsel and various legal documents do not satisfy either of these requirements. Plaintiff is no stranger to immigration administrative procedures and legal processes, evidenced by his numerous filings, appeals and lawsuits commenced in the last 18 years. The Court finds no reason that Plaintiff was somehow hindered from timely filing his FTCA claim within two years of his detention on October 22, 1997. Plaintiff fails to demonstrate any illegal acts subsequent to his detention that would justify the equitable tolling of statute of limitations. Furthermore, to the extent that Plaintiff argues that his claim did not accrue until he discovered "that his injuries violated United States law," this argument has been expressly rejected. See Tourchin v. United States, 2009 WL 39007 at *1 (2d Cir. 2000) (quoting Kubrick, 444 U.S. at 123) (stating that accrual of FTCA claims occurs when plaintiff becomes aware of the injury, not when plaintiff becomes aware that the injury resulted from negligence).

Additionally, the cases cited by Plaintiff are distinguishable. In Hyatt, this Court found that equitable tolling of the statute of limitations in an FTCA claim was appropriate after determining that the United States "affirmatively acted to induce Plaintiff not to file a complaint within the six-month period following [Plaintiff's] receipt of the denial of his administrative claim," and that Plaintiff diligently pursued his claim such that equitable tolling would not prejudice the United States' efforts to defend the matter. Hyatt, 968 F. Supp. at 101. In Frontera, the Plaintiff was a detainee whose American citizenship status was

9

primarily denied, and who remained in detention until his citizenship status was ultimately granted. Frontera, 2009 WL 909700 (W.D.N.Y. Mar. 31, 2009). The Court, nonetheless, strictly construed the statute of limitations on Plaintiff's FTCA claim by rejecting any false imprisonment claims that occurred outside the two-year period. See Frontera, 2009 WL 909700 at *13. In so doing, the Court did not consider equitably tolling the untimely claims. Additionally, the Court found that Plaintiff's confinement during the pendency of his immigration petition was not unlawful. See Frontera, 2009 WL 909700 at *22.

Here, Sanusi's delay in filing his FTCA claim was not a result of trickery or deceit, as was the case in Hyatt. Additionally, Sanusi's immigration status was not incorrectly determined or ultimately granted, as was the case in Frontera.

All remaining arguments have been considered and found to be meritless.

## IV. Conclusion

For the reasons stated above, the Defendant's motion is granted, and the Complaint is hereby dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: March 30, 2015             _____/s/_____
     Brooklyn, New York        Hon. Sterling Johnson, Jr., Senior U.S.D.J.